IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BILLIE ELLIOTT,**

                  **Petitioner,**

        v.                                  CASE NO. 13-3206-SAC

**RAY ROBERTS, et al.,**

                  **Respondents.**

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has submitted an amended petition as directed by the court.

*Procedural background*

The factual background of this matter was summarized by the Kansas Court of Appeals as follows:

> In 1997, a jury convicted Elliott of one count of aggravated criminal sodomy and one count of indecent liberties. He was sentenced to prison for a term of 576 months. A panel of this court affirmed Elliott's convictions and sentence on direct appeal. *See State v. Elliott*, …unpublished opinion filed August 20, 1999 (Kan.App.) *rev. denied* 268 Kan. 890 (1999).
>
> In his first K.S.A. 60-1507 motion, filed in 2000, Elliott argued that he received ineffective assistance of trial counsel. The district court summarily denied the motion. But on appeal, a panel of this court remanded the motion to the district court for an evidentiary hearing. On remand, the district court determined that Elliott was not entitled to relief. Subsequently, this court affirmed that district court's decision. *See Elliott v. State*, … 2004 WL 556756 (Kan.App.2004)(unpublished opinion), *rev. denied* 278 Kan. 844 (2004).
>
> Elliott filed a second K.S.A. 60-1507 motion in 2005. Once

again, he argued ineffective assistance of trial counsel. The district court summarily denied the motion because it was untimely and successive. On appeal, this court affirmed the district court's summary denial of the motion. *See Elliott v. State*, … 2007 WL 1747908 (Kan.App.2007)(unpublished opinion).[1]

On April 27, 2011, Elliott filed a third K.S.A. 60-1507 motion that is the subject of his current appeal. In this motion, Elliott argued a violation of his right to a speedy trial. […] the district court entered a typed order on July 6, 2011, which clearly states: "Movant[']s 1507 claims are dismissed as they are out of time and successive and do not allege any grounds for a showing of manifest injustice." On July 15, 2011, the district court granted Elliott's motion for leave to appeal out of time. *Elliott v. State*, 296 P.3d 1139 (Table), 2013 WL 1010344 (Kan.App.), *rev. denied* 8/30/13.

## Discussion

*Motion to appoint counsel*

Petitioner moves for the appointment of counsel, stating that he is unable to afford counsel, that his incarceration limits his ability to conduct research and investigation, and that a trial in this matter will involve conflicting testimony.

There is no right to the appointment of counsel in a federal habeas corpus action. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel is in the discretion of the court. *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). *See also* 18 U.S.C. § 3006A(a)(2)(B)(the court may appoint counsel in action under § 2254 where "the interests of justice

---

[1] The records of the Kansas Court of Appeals show that petitioner's motion to file a petition for review out of time was denied on August 10, 2007, and his motion to reconsider was denied on August 28, 2007. The mandate was issued on August 29, 2007. See attached docket.

so require").

In considering whether to appoint counsel in a civil matter, the court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

In the present case, the court finds no basis to appoint counsel. The petitioner appears to be capable of presenting his arguments, and the issues to be determined, as discussed below, do not appear to be unusually complicated.[2] The court therefore denies the motion but will reconsider this ruling should this matter proceed to an evidentiary hearing.

*Screening*

The federal courts are to review habeas corpus petitions promptly and must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. A district court is "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). But "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 at 210. Finally, when a district court sua sponte considers the timeliness of a petition, it must "assure itself that the petitioner is not

---

[2] The court notes that petitioner has access to Legal Services for Prisoners, which offers legal assistance to Kansas prisoners seeking post-conviction relief.

significantly prejudiced…and determine whether the interest of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id*.

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA imposes a one-year limitation period for filing a petition for habeas corpus. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).

The limitation period runs from the latest of:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(A)- (D).

The limitation period is tolled during the pendency of a properly filed state court postconviction motion. 28 U.S.C. § 2244(d)(2). In addition, the limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Such tolling is appropriate only if the petitioner demonstrates both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way", preventing him from timely filing the petition. *Pace v. DiGuglielmo*,

544 U.S. 408, 418 (2005). Otherwise, petitioner can avoid the time bar of the one-year period only by showing his actual innocence. *McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S.Ct. 1924, 1931 (2013).

A review of the procedural history of petitioner's appeal and post-conviction remedies, as summarized by the Kansas Court of Appeals, suggests this matter was not filed within the limitation period. While it is unclear from the summary exactly when the motions under 1507 were filed, tolling the limitation period, it seems clear that no action was pending between 2007 and the filing of petitioner's third 1507 motion in 2011. Thus, the limitation period appears to have expired no later than 2008.

Accordingly, the court is considering the dismissal of this matter unless the submissions of the parties demonstrate either that additional tolling occurred or that extraordinary circumstances exist which warrant equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to appoint counsel (Doc. 5) is denied.

IT IS FURTHER ORDERED respondent is granted to and including February 14, 2014, to file a response addressing the timeliness of this petition.

IT IS FURTHER ORDERED petitioner is granted twenty (20) days following receipt of the response to file a reply.

A copy of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 15th day of January, 2014, at Topeka, Kansas.

                                          S/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge